IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KEITH DEWAYNE MATTHEWS                                                         PLAINTIFF
ADC #143644

v.                                          4:21-cv-00417-JM-JJV

KENDRA SMITH, Correctional Sergeant; and
C. DUNN, Correctional Sergeant, Cummins Unit, ADC                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

Keith Dewayne Matthews ("Plaintiff") is a prisoner in the Maximum Security Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging Sergeants Kendra Smith and C. Dunn violated his Eighth Amendment rights by failing to protect him from being attacked by his cellmate, M. Tavron.

(Doc. 4.) After careful review and consideration, I recommend the Amended Complaint be dismissed without prejudice for failing to state a plausible claim for relief.[1]

Although prison officials have an Eighth Amendment obligation to "take reasonable measures to guarantee inmate safety," they are not liable "every time one inmate attacks another." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018); *Young v. Selk*, 508 F.3d 868, 871 (8th Cir. 2007). Thus, to state a plausible failure to protect claim, an inmate must allege that: (1) objectively, there was a substantial risk of serious harm; and (2) subjectively, each of the defendants knew of and deliberately disregarded that substantial risk of serious harm. *Vandevender v. Sass*, 970 F.3d 972, 975 (8th Cir. 2020); *Blair v. Bowersox*, 929 F.3d 981, 987 (8th Cir. 2019).

Plaintiff says he was attacked on January 18, 2021, when Defendants Smith and Dunn returned him to his cell in restrictive housing after yard call. (Doc. 4.) Plaintiff claims Defendant Smith violated prison rules by opening the cell door without putting Tavron, who was inside the cell, in handcuffs. As a result, Tavron was able to push through the cell door as it was opened, run past Defendant Smith and attack Plaintiff, who was still in handcuffs and unable to defend himself, with a shank.

It is well settled that a violation of internal prison rules, negligence, or even gross negligence is not enough to sustain a constitutional violation. *Patterson*, 902 F.3d at 852; *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Instead, the Defendants must have acted with deliberate indifference, which is defined as a "reckless disregard of the known risk." *Holden v.*

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

*Hirner,* 663 F.3d 336, 341 (8th Cir. 2011). Nothing in the Amended Complaint suggests Defendants acted with deliberate indifference when they inadvertently failed to handcuff Tavron before opening the cell door. And, their alleged violation of prison rules is not enough to sustain a constitutional claim. Plaintiff does not claim Tavron was on his enemy alert list or that he had otherwise communicated to prison officials that he was in danger of being harmed by Tavron before the attack occurred. *See Burnley v. Evans*, Case No. 06-2053, 2007 WL 2874037 (8th Cir. Oct. 4, 2007) (unpublished opinion) (finding no substantial risk of serious harm where there was no evidence the plaintiff feared for his safety prior to being attacked by another inmate); *Berry v. Sherman*, 365 F.3d 631, 634 (8th Cir. 2004) (same). And, there is no indication Defendant Smith or Dunn had actual knowledge there was a substantial risk that Tavron would harm Plaintiff. *See Vandevender,* 970 F.3d at 975 (to establish deliberate indifference "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); *Patterson*, 902 F.3d at 845 (no Eighth Amendment violation when a prisoner is the victim of a "surprise attack" by another inmate).

Importantly, I have previously brought these pleading deficiencies to Plaintiff's attention and cautioned him I would recommend dismissal if he did not file an Amended Complaint curing them. (Doc. 3.) For the explained reasons, I conclude the Amended Complaint does not plead a plausible Eighth Amendment claim regarding Defendants' alleged *failure to prevent the attack*.

In my prior Order (Doc. 3), I also noted Plaintiff had not pled a plausible failure to protect claim regarding Defendants' alleged *failure to stop the attack after it began* because he said in a grievance that Defendant Dunn "swung me to the side in an attempt to pull me" away from Tavron, while Defendant Smith sprayed Tavron with chemical agents and put him back in the cell. (Doc. 2 at 11.) I explained to Plaintiff those facts established Defendants were not deliberately

3

indifferent to his safety once the attack began. *See Patterson*, 902 F.3d at 851 (Eighth Amendment only requires prison officials to "take reasonable measures to guarantee inmate safety"); *Blades v. Schuetzle*, 302 F.3d 801, 803 (2002) (The duty to protect inmates requires that prison officials "take reasonable measures to abate substantial risks of serious harm, of which the officials are aware"). In the Amended Complaint, Plaintiff now says "I was held defenseless as K. Smith and C. Dunn did nothing to stop the incident, whereas I could of lost my life, due to Defendants not following strict rules that are in place to ensure ones safety." (Doc. 4 at 5.) It is unclear from this conclusory statement whether Plaintiff means: (1) Defendants did nothing to stop the incident from happening by forgetting to handcuff Tavron before opening the cell door, which as previously explained is mere negligence; or (2) Defendants did not nothing to stop the attack after it began. If it is the later, the statement is clearly contrary to Plaintiff's previously submitted grievance and affidavit which clearly state Defendant Dunn swung Plaintiff to the side in an attempt to get him away from his attacker while Defendant Smith sprayed Tavron with mace and put him back in the cell. (Doc. 2 at 8, 15.) I find Plaintiff's ambiguous statement in the Amended Complaint insufficient to contradict the clear statements he made in his grievance and affidavit regarding Defendants' promptly actions to stop the attack. *See Iqbal*, 556 U.S. 662, 678 (2009) ("naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face"). Accordingly, I also conclude Plaintiff has failed to plead a plausible failure to protect claim against Defendants regarding their actions after the surprise attack began.

      IT IS, THEREFORE, RECOMMENDED that:

      1.      The Amended Complaint (Doc. 4) be DISMISSED without prejudice for failing to

state a claim upon which relief may be granted.

2. Dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that *an in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 11th day of June 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE